IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-CV-220-WHA |
| ) | |
| OFFICER GRIER, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Joshua Berry, an indigent inmate incarcerated in the Houston County Jail. In this complaint, Berry alleges that Officer Grier called him a homosexual and threatened his safety and the safety of his family. Doc. 1 at 1–2. Berry requests that Officer Grier be subjected to criminal prosecution for his derogatory and threatening statements. Doc. 1 at 2.

Upon a thorough review of the complaint, the court concludes that this case is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1]The court granted Berry leave to proceed *in forma pauperis* in this case. Doc. 3. The court is therefore obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## II.  DISCUSSION

### A.  Claim for Relief

Berry complains that Officer Grier has spoken to him in a humiliating and threatening manner. Doc. 1 at 1–2. This claim provides no basis for relief in the instant case.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in a § 1983 action. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (holding that mere verbal taunts or threats, despite their distressing nature, directed at an inmate by jailers do not violate the inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. App'x 87, 92 (3rd Cir. 2006) (holding that mere "allegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (court held that "acts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (appellate court deemed district court's summary dismissal of inmate's complaint

for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987) (holding that verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Berry*, 826 F.2d 788, 790 (8th Cir. 1987) (holding that "alleged verbal threats by jail officials . . . did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that the Eighth Amendment is trivialized by assertion that mere threat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (holding that mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (concluding that mere verbal abuse, including threat of harm, is not actionable under § 1983).

In light of the foregoing, it is clear that Berry's challenge to the manner in which Officer Grier has spoken to him is not a cognizable claim and, thus, this case is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Request for Criminal Prosecution

Insofar as Berry seeks to have state criminal charges brought against the defendant, he is due no relief from this court. A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (holding that a plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) (appellate court determined that "the district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary

to [Plaintiff's] belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."); *see also Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003) (finding that criminal statutes "do not convey a private right of action."); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997) (finding that although "Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States[,] [t]he statute does not create a private cause of action.") (citing *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992) and *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985)); *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (finding that no private right of action exists under federal criminal statute addressing conspiracies to deprive an individual of his constitutional rights). Consequently, any request for criminal prosecution of the defendant alleges violation of a legal interest which clearly does not exist and this request for relief is therefore due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

On or before **April 12, 2019** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal

4

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of March, 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE